UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY M. FITZGERALD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV02448 AGF |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court for review of an adverse ruling by the Social Security Administration. Presently pending is Defendant's Motion to Dismiss (Doc. #10), in which Defendant contends that this action must be dismissed inasmuch as it was untimely filed. For the reasons set forth below, this motion shall be denied.

## BACKGROUND

Plaintiff was denied Disability Insurance and Supplemental Security Income benefits by an Administrative Law Judge on September 22, 2009. Plaintiff timely appealed that decision, and on October 21, 2010, received notice from the Appeals Council that his request for review had been denied. Plaintiff filed a complaint with this Court on December 30, 2010, which was 70 days after he received notice from the Appeals Council. Defendant moved to dismiss this action, because Plaintiff filed his complaint several days beyond the required time limits.

Plaintiff filed a response asking this Court to deny Defendant's motion and allow his complaint despite its untimely filing. He states that his counsel mailed him "In Forma Pauperis papers" in late November 2010, and that he believed he had completed them and given them to his mother to mail back. Eventually, on December 30, 2010, Plaintiff went to his attorney's office in person and filled out the paperwork again. Plaintiff states that he suffered from a history of schizoaffective disorder, bipolar disease, and a closed head injury. He alleges that his mental and memory impairments prevented him from filing a timely complaint. Defendant has not filed a reply.

## **DISCUSSION**

In his Motion to Dismiss, Defendant argues that Plaintiff's complaint must be dismissed as untimely filed. Title 42 U.S.C. § 405(g) governs judicial review of final decisions of the Commissioner in Social Security matters. Pursuant to § 405(g):

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The 60-day time period is not jurisdictional, but rather constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citing Mathews v. Eldridge, 424 U.S. 319, 328 n.9 (1976)); Weinberger v. Salfi, 422 U.S. 749, 764 (1975)). The Supreme Court has held that equitable tolling "can be applied to this statute of limitations, for in construing the statue we must be careful not to . . . construe

the waiver [of sovereign immunity allowing for judicial review] unduly restrictively." City of New York, 476 U.S. at 479 (citations and internal quotation omitted). The Court noted that the 60-day limitation at issue here was "designed to be 'unusually protective' of claimants," id. at 480 (quoting Heckler v. Day, 467 U.S. 104, 106 (1984)), and specifically acknowledged that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Id. (quoting Mathews, 424 U.S. at 330).

"Equitable tolling is premised on the excusable neglect of the filing party." Shempert v. Harwick Chem.Corp., 151 F.3d 793, 797 (8th Cir. 1998) (internal quotation and citations omitted). Social Security regulations provide that "good cause for missing a deadline to request review" includes "mental . . . limitations." 20 C.F.R. § 404.911 (2011). Plaintiff has provided this Court with evidence of multiple mental impairments, and the Commissioner did not challenge this evidence. Additionally, it is well accepted that claims "should, if possible, be resolved on the merits." Roark v. Astrue, No. 4:07CV2067 HEA, 2009 WL 3261844, at *1 (E.D. Mo. Oct. 8, 2009) (allowing a social security claim to proceed notwithstanding the untimely filing of the complaint for judicial review); see also Mays v. Comm'r of Soc. Sec., No. 1:08CV871, 2010 WL 749727, at *3 (S.D. Ohio Mar. 1, 2010) (same); Elkins v. Astrue, No. 4:08-CV-77-WGH-DFH, 2009 WL 1124963, at *10 (S.D. Ind. Apr. 24, 2009) (same).

While Plaintiff's filing was untimely, he has provided this Court with evidence

that circumstances exist to justify equitable tolling.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**. [Doc. #10]

**IT IS FURTHER ORDERED** that Defendant shall file an answer, along with a transcript of the record, on or before May 4, 2011. The time limits for the parties' briefs shall be as set forth in the Case Management Order entered in this case on January 10, 2011.

   *Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2011.